**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| STINGRAY IP SOLUTIONS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:21-cv-45-JRG |
| | Civil Action No. 2:21-cv-46-JRG |
| TP-LINK TECHNOLOGIES CO., LTD., TP-LINK CORPORATION LIMITED, and TP LINK INTERNATIONAL LTD., | **JURY TRIAL DEMANDED** |
| Defendants. | |

<u>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND INSUFFICIENT SERVICE OF PROCESS**</u>

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................3

     A.      Defendant TP-Link China....................................................................3

     B.      Defendant TP-Link Hong Kong...........................................................3

     C.      Non-Party TP-Link USA .....................................................................4

     D.      Stingray Did Not Serve TP-Link USA's Registered Agent.................4

III.    LEGAL STANDARDS .........................................................................................4

     A.      Personal Jurisdiction ...........................................................................4

     B.      Service of Process ...............................................................................6

IV.     ARGUMENT .......................................................................................................9

     A.      This Court Lacks Personal Jurisdiction Over Defendants ...................9

          1.      This Court Lacks General Jurisdiction Over Defendants .........9

          2.      This Court Lacks Specific Jurisdiction Over Defendants.......10

               a.      Defendants Have Not Purposefully Directed
                      Activities at Texas.......................................................10

               b.      TP-Link USA's Actions Cannot Be Imputed to
                      Defendants ..................................................................12

          3.      It Would Offend Traditional Notions of Fair Play and
               Substantial Justice to Subject TP-Link China and TP-
               Link Hong Kong to Personal Jurisdiction in Texas ...............14

          4.      Federal Rule of Civil Procedure 4(k)(2) Does Not Apply ......16

          5.      The Court Should Either Dismiss the Case or Transfer it
               to the CDCA ...........................................................................16

     B.      The Case Should Be Dismissed for Insufficient Service of
          Process ...............................................................................................17

## TABLE OF CONTENTS (cont'd)

**Page**

1.  The Texas Long-Arm Statute Mandates Use of the
    Hague Convention for Service of Foreign Defendants............................17

2.  The Principle of Comity Also Insists That Stingray's
    Purported Service Be Found Insufficient..................................................18

3.  Stingray Did Not Serve TP-Link USA's Registered
    Agent...........................................................................................................19

V.  CONCLUSION..............................................................................................20

CERTIFICATE OF SERVICE ................................................................................22

## **TABLE OF AUTHORITIES**

### **Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689, 1358, 1360 (Fed. Cir. 2012) ................................ 4

*AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL
  4053897, at *3
  (E.D. Tex. July 20, 2018) ................................................................................................... 2

*Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*, No. SA-05-CA-
  172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005) ......................................... 8

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed.
  Cir. 2021) ........................................................................................................................ 12

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112-13 (1987) ...................... 5, 14, 15

*Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54 F.
  Supp. 2d 691, 693 (S.D.Tex.1999) .................................................................................. 8

*Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977) ..................................... 4

*Brewer v. Suzuki Motor of Am., Inc.*, No. 4:15-CV-197, 2015 WL 4433046, at
  *2
  (S.D. Tex. July 17, 2015) .................................................................................................. 8

*Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) .......................... 5

*Cheetah Omni, LLC v. NP Photonics, Inc.*, No. 6:13-CV-418, 2014 WL
  11709437, at *3 (E.D. Tex. Mar. 28, 2014) ...................................................................... 16

*Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014) ................................................... 5, 9

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F. Supp. 2d 523, 531 (E.D. Pa.
  2005) ................................................................................................................................ 11

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP,
  2018 WL 2544564, at *5 (E.D. Tex. June 4, 2018) .......................................................... 17

*Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*, Case No. 2:15-
  cv-2049-JRG, Dkt. No. 53 at 9 (E.D. Tex. Sept. 1, 2016) ................................................ 13

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY,
  2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) ..................................................... 6, 13

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc*., No. 6:18-CV-377-
RWS-KNM, 2019 WL 5954966, at *9 (E.D. Tex. July 17, 2019) .................................. 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)............................ 6

*Grober v. Mako Prods*., 686 F.3d 1335, 1346 (Fed. Cir. 2012) .................................... 6

*Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) ........................................ 12

*In re Hoffmann-La Roche Inc*., 587 F.3d 1333, 1337 (Fed. Cir. 2009) ........................................ 15

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643,
at *4 and n.2 (Fed. Cir. Sept. 10, 2021) .......................................................... 8

*In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1377 (Fed. Cir. 2021)...................................... 2, 15

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)...................................... 5

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)................................................... 5

*Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ...................................... 6

*James Avery Craftsman*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at
*4 (W.D. Tex. July 5, 2018) ...................................................................... 8, 19

*L.K. ex rel. Yarborough v. Mazda Motor Corp.*, No. CIV A 3:09-CV-469-M,
2009 WL 1033334, at *2 (N.D. Tex. Apr. 15, 2009)...................................... 18

*Macrosolve, Inc. v. Antenna Software, Inc*., No. 6:11-CV-287, 2012 WL
12903085, at *2
(E.D. Tex. Mar. 16, 2012)....................................................................... 2

*Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL
1764704, at *2 (S.D. Ohio May 1, 2014)................................................... 19

*Monkton Ins. Services, Ltd. v. Ritte*r, 768 F.3d 429, 432 (5th Cir. 2014) ...................................... 5

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)................................... 7

*Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed.
Cir. 2010) ....................................................................................... 6

*O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.),* 309
F. App'x 833, 835 (5th Cir. 2009) .......................................................... 6

iv

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364,
1369 (Fed. Cir. 2010) ......................................................................... 14

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No.
5:20-CV-141-M-BQ, 2020 WL 6063452, at *5 (N.D. Tex. Oct. 14,
2020) ........................................................................................... 18, 19

*Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990) ............ 3, 7

*Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL
5126158, at *1 (E.D. Tex. Oct. 31, 2017) ........................................ 13

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d
1285, 1293–94 (Fed. Cir. 2009) ........................................................ 16

*Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009) ................ 16

*Valley Dynamo L.P. v. Warehouse of Vending & Games*, 168 F.Supp. 2d 616,
619 (N.D. Tex. 2001) ........................................................................... 4

*Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 108 (1988) .................. 7

*Walden v. Fiore*, 571 U.S. 277, 277 (2014) ...................................................... 6

*Xilinx, Inc. v. Papst Licensing GmhH & Co., KG*, 848 F.3d 1346, 1352-53
(Fed. Cir. 2017) ..................................................................................... 5

## I.   INTRODUCTION

Defendants TP-Link Technologies Co., Ltd. ("TP-Link China") and TP-Link Corporation Limited f/k/a TP-Link International Ltd. ("TP-Link Hong Kong") respectfully move to dismiss this action for lack of personal jurisdiction and insufficient service of process. *See* Fed. R. Civ. P. 12 (b)(2) and12(b)(5).[1]

***First***, personal jurisdiction is lacking.  Recognizing that TP-Link China and TP-Link Hong Kong do not have any operations in the United States, Plaintiff Stingray IP Solutions, LLP ("Stringray") attempts to establish jurisdiction through non-party TP-Link USA Corporation ("TP-Link USA").  For example, Stingray speculates that TP-Link China "controls or otherwise directs and authorizes all activities" of TP-Link USA—the entity that actually sells accused products in the United States.  Cmplt. ¶14.  But TP-Link USA is a separate company and is not controlled by either of the named foreign Defendants.  TP-Link USA's actions thus cannot be imputed to Defendants, neither of which has purposefully directed its activities at Texas.  And the "federal long-arm statute," Fed. R. Civ. P. 4 (k)(2), does not cure this jurisdictional defect because Defendants would be amenable to suit in the Central District of California ("CDCA").

Stingray is attempting to manipulate venue.  TP-Link USA is the correct defendant here as the seller of the accused products in the United States, but Stingray does not sue this entity.  Rather, Stingray uses non-party TP-Link USA as the alleged basis for jurisdiction over the foreign Defendants, and even purports to have served both foreign Defendants by attempting service of the complaint on an unidentified "Jane Doe" at TP-Link USA.  Yet Stingray deliberately omits TP-Link USA as a defendant because venue is manifestly improper under *TC*

---

[1] Defendants TP-Link International Ltd. and TP-Link Corporation Limited are the same entity, as TP-Link International Ltd. changed its name to TP-Link Corporation Limited in 2020.  *See* Declaration of Jianmei Sun ("Sun Decl.") at ¶ 2.

*Heartland*. This Court should not countenance such venue manipulation, and should either dismiss the case for lack of jurisdiction or transfer it to the CDCA under 28 U.S.C. § 1406(a). *Cf. In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1377 (Fed. Cir. 2021) ("[W]e are not bound by a plaintiff's efforts to manipulate venue."); *id.* at 1379 ("[D]isregarding this manipulation," plaintiff "could have filed suit in the Northern District of California").[2]

   **Second**, service of process is insufficient.  The United States, China, and Hong Kong are all parties to the Hague Convention, a multilateral treaty which sets forth specific procedures for the service of legal documents between international borders.[3]  "Defendants are not obligated to waive service under the Hague Convention . . . it is a privilege of the Defendants and one which they are entitled to insist upon."  *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4053897, at *3 (E.D. Tex. July 20, 2018).  For the reasons explained below, Defendants respectfully disagree with this Court's *ex parte* Order allowing Stingray to avoid the Hague Convention by delivering the summons and Complaint to domestic outside counsel and to TP-Link USA's registered agent, Deyi Shu.  The Texas long-arm statute *mandates* service via the Hague convention as to the foreign Defendants. *See Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012) (holding that because Texas long-arm statute "requires the transmittal of judicial documents abroad, the Hague Convention is implicated.").  This "transmittal of documents abroad is precisely the type of

---

[2] Defendants also reserve the right to move to transfer this action to the CDCA under 28 U.S.C. § 1404(a) without waiving their defenses as to personal jurisdiction and insufficient service of process.  A "non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction." *Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019).

[3] "Hague Convention" or "Convention" refers to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361.

service that triggers the application of Hague Convention procedures." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990).

And even if alternative service was proper, the issue is moot because Stingray did not serve TP-Link USA's registered agent Mr. Deyi Shu as ordered by the Court.  Instead, Stingray merely attempted service on an unidentified woman "Jane Doe" at the offices of TP-Link USA.  *See* Case 2:21-cv-00045-JRG at Dkt. 19-2.  Thus, Stingray has failed to perfect service under any theory in this case, and dismissal is proper.

## II.    FACTUAL BACKGROUND

### A.    Defendant TP-Link China

TP-Link China is a privately held corporation organized under the laws of China, with its headquarters and principal place of business in Shenzhen, China.  Declaration of Yanmei Zhang ("Zhang Decl.") at ¶ 2.  TP-Link China does not have any employees or agents in Texas.  *Id*. at ¶ 3.  Nor does it own, lease, or operate any offices or other facilities in Texas.  *Id*.  TP-Link China does not design, manufacture, sell, or offer to sell any products in Texas.  *Id*. TP-Link China does not ship products to Texas, and it does not conduct any marketing or advertising in, or directed toward, Texas.  *Id*.

### B.    Defendant TP-Link Hong Kong

TP-Link Hong Kong is a privately held corporation organized under the laws of Hong Kong, with its headquarters and principal place of business in Hong Kong.  Declaration of Jianmei ("Sun Decl.") at ¶ 3.  TP-Link Hong Kong does not have any employees or agents in Texas.  *Id*.   Nor does it own, lease, or operate any offices or other facilities in Texas.  *Id*.   TP-Link Hong Kong does not design, manufacture, sell, or offer to sell any products in Texas.  *Id*.  TP-Link Hong Kong does not ship products to Texas, and it does not conduct any marketing or advertising in, or directed toward, Texas.  *Id*.

3

### C.       Non-Party TP-Link USA

TP-Link USA is a California corporation with its headquarters and principal place of business at Irvine, CA.  Zhang Decl. at ¶ 4.  TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling "TP-Link branded" products in the United States, including the accused products in this case.  *Id.*   TP-Link USA is a wholly owned subsidiary of TP-Link UK, Ltd., which also has not been named as a Defendant.  *Id.*   Contrary to Stingray's allegations (*see* Complt. at *e.g.*,¶¶ 12-27), neither of TP-Link China or TP-Link Hong Kong directs or controls the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States.  *Id.*

### D.       Stingray Did Not Serve TP-Link USA's Registered Agent

Stingray did not serve TP-Link USA's registered agent, Mr. Deyi Shu (a gentleman of Chinese descent) with a copy of the summons and Complaint as ordered by the Court.  Instead, Stingray claims to have attempted service of the papers on an unknown "Jane Doe"—a Hispanic woman as described in the Return of Service filed by Stingray with the Court.  Case 2:21-cv-00045-JRG at Dkt. 19-2.

## III.    LEGAL STANDARDS

### A.       Personal Jurisdiction

As Plaintiff, Stingray has the burden of establishing that this Court has jurisdiction over TP-Link China and TP-Link Hong Kong, and it must set out a *prima facie* case of personal jurisdiction.  *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689, 1358, 1360 (Fed. Cir. 2012).  In determining whether a plaintiff has met that burden, "[a]llegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits."  *Valley Dynamo L.P. v. Warehouse of Vending & Games*, 168 F.Supp. 2d 616, 619 (N.D. Tex. 2001); *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977).

4

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Xilinx, Inc. v. Papst Licensing GmbH & Co., KG*, 848 F.3d 1346, 1352-53 (Fed. Cir. 2017).[4]  Where, as here, the long-arm statute of Texas extends to the limits of federal due process, determining whether jurisdiction exists over an out-of-state defendant reduces to the issue of "whether jurisdiction comports with due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).  The due process analysis focuses on the number and nature of a defendant's contacts with the forum to determine if the defendant has sufficient "minimum contacts" such "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945).

General jurisdiction is "all-purpose jurisdiction"; it allows a court to hear any claim against a defendant even if all the incidents underlying the claim occurred in a different state. *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).  Only a limited set of circumstances will render a defendant amenable to general jurisdiction there. *Id*. Indeed, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business" of a defendant.  *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

In contrast, specific jurisdiction must be "case-linked", *i.e.*, the plaintiff's suit must itself arise out of or relate to the defendant's forum contacts.  *Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014); *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112-13 (1987).

---

[4] In patent cases, Federal Circuit law applies to personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws."  *Xilinx, Inc*, 848 F.3d at 1352.

Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Daimler*, 571 U.S. at 136-39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).  The underlying controversy "must arise out of contacts that the 'defendant [itself]' creates with the forum."  *Walden v. Fiore*, 571 U.S. 277, 277 (2014).  And the required minimum contacts "must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there." *Id.*  The Federal Circuit applies a three-prong test to determine whether specific jurisdiction exists: (1) "whether the defendant purposefully directed activities at residents of the forum"; (2) "whether the claim arises out of or relates to those activities"; and (3) "whether assertion of personal jurisdiction is reasonable and fair."  *Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).  "The plaintiff has the burden of proving parts one and two of the test; the burden then shifts to the defendant to prove that personal jurisdiction is unreasonable."  *Id.* (citing *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012)).

### B.    Service of Process

It is axiomatic that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987).  Once sufficiency of service is challenged, "[t]he plaintiff bears the burden of establishing its validity."  *O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.),* 309 F. App'x 833, 835 (5th Cir. 2009).

Sufficient service of process requires compliance with (1) fundamental due process, such that the service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"

(*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)), and (2) "the procedural requirement of service of summons" as set forth in Fed. R. Civ. Proc. 4 and any relevant state rules or treaties (*Omni Capital Int'l.*, 484 U.S. at 104).  These are two separate requirements, each of which must be satisfied before a court can exercise personal jurisdiction. *Omni Capital Int'l*, 484 U.S. at 104.

When serving a foreign defendant, service must comply with the Hague Convention "if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F. 2d 533, 537 (5th Cir. 1990) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 108 (1988)).  "In determining whether service involves the transmittal of documents abroad, courts are to look to the method of service prescribed by the internal law of the forum state." *Id.*

The Texas long-arm statute under Tex. Civ. Prac. & Rem. Code Ann. §17.043 dictates service requirements on nonresidents:[5]

> In an action arising from a nonresident's business in this state, process may be served on the person in charge, at the time of service, of any business in which the nonresident is engaged in this state if the nonresident is not required by statute to designate or maintain a resident agent for service of process.

Section 17.045(c) directs specific notice requirements for service made pursuant to Section 17.043, including mailing a copy of the process and notice to the non-resident or the non-resident's principal place of business:

> If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately ***mailed to the nonresident or the nonresident's principal place of business.***

---

[5] "Nonresident" includes "a foreign corporation."  Tex. Civ. Prac. & Rem. Code Ann. §17.041(2).

Service of process on foreign defendants under Sections 17.043 and 17.045 thus involves the transmittal of documents abroad, and therefore invokes the requirements of the Hague Convention.  *See, e.g., Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54 F. Supp. 2d 691, 693 (S.D.Tex.1999); *Sang Young Kim*, 909 F.Supp. at 479 (S.D. Tex.1995); *Brewer v. Suzuki Motor of Am., Inc.*, No. 4:15-CV-197, 2015 WL 4433046, at *2 (S.D. Tex. July 17, 2015); *Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*, No. SA-05-CA-172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005); *cf In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *4 and n.2 (Fed. Cir. Sept. 10, 2021) (finding that while "the extraordinary writ of mandamus is not called for in this case," "denying mandamus does not foreclose [the defendant] from raising its [Hague] arguments on appeal from a final judgment against it.").

The Hague Convention, of which the United States, China, and Hong Kong are signatories, "sets forth the permissible methods of effecting service abroad." *James Avery Craftsman*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *4 (W.D. Tex. July 5, 2018) (Garcia, Ch. J).  The primary method of service authorized by the Convention is through a member state's "Central Authority." *See* 20 U.S.T. 361, Arts. 2-7.  The Central Authority of each member state may then execute service pursuant to its own internal laws, or according to a particular method requested by the requesting state. *Id.*  For example, service in China pursuant to the Hague Convention requires that all documents served be written in Chinese or that a Chinese translation be attached.[6]

---

[6] 20 U.S.T. 361, Art. 5(3); China - Central Authority & Practical Information. https://www.hcch.net/en/states/authorities/details3/?aid=243.

IV.     **ARGUMENT**

A.      **This Court Lacks Personal Jurisdiction Over Defendants**

1.      **This Court Lacks General Jurisdiction Over Defendants**

This Court does not have general jurisdiction over TP-Link China or TP-Link Hong Kong, as neither is "at home" in Texas.  The "paradigm bases for general jurisdiction" where a corporation is "at home" are "the place of incorporation and principal place of business." *Daimler*, 571 U.S. at 137 (citation and quotation marks omitted). Neither Defendant is incorporated in Texas, and neither has its principal place of business in Texas.

Stingray concedes that TP-Link China is a Chinese corporation and TP-Link Hong Kong is a Hong Kong corporation.  Compl. at ¶¶ 2-4.  The Complaint thus provides no facts to establish general jurisdiction over either Defendant, and simply recites conclusory allegations that Defendants have unidentified contacts in the state.  *Id*. at ¶¶ 7-9, 12-24.  Nor can Stingray allege facts to establish general jurisdiction, because they do not exist.  TP-Link China has no contacts with Texas.  *See* Zhang Decl.  It is a Chinese company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas.  *Id*.  Similarly, TP-Link Hong Kong has no contacts with Texas.  *See* Sun Decl.  It is a Hong Kong company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas.  *Id*.

Stingray alleges that Defendants has contacts in Texas because each allegedly "controls or otherwise directs" the sale and shipment of accused products into Texas.  *E.g*., Compl. at ¶ 14. These conclusory allegations are directly contradicted by the Zhang and Sun Declarations.  And even if true (which they are not), they would be insufficient to establish general jurisdiction over either Defendant. In *Daimler*, the Supreme Court reversed the Ninth Circuit's finding that there was general jurisdiction over a foreign defendant that indirectly engaged in a "substantial, continuous, and systematic course of business" in the state.  *Daimler*, 571 U.S. at 138-139.  The

Court found that the question was "not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id*. (internal quotation marks omitted). Thus, none of Stingray's allegations, even if true, would render either of the foreign Defendants "at home" in Texas. Therefore, there is no general jurisdiction.

### 2. This Court Lacks Specific Jurisdiction Over Defendants

#### a. Defendants Have Not Purposefully Directed Activities at Texas

The Court likewise does not have specific jurisdiction over either of TP-Link China or TP-Link Hong Kong. To establish specific jurisdiction, Stingray needs to show that each of the Defendants (1) "purposefully directed activities at residents of the forum"; (2) Stingray's "claim arises out of or relates to those activities"; and (3) the "assertion of personal jurisdiction is reasonable and fair." *Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc.*, 626 F.3d at 1231). Stingray comes up short, as the Complaint merely recites conclusory allegations contradicted by Defendants' declarants.

Stingray has not shown that TP-Link China or TP-Link Hong Kong has "purposefully directed" its activities at residents of Texas. Specifically, Stingray fails to allege any specific acts that either Defendant has committed in the State of Texas to warrant jurisdiction. Stingray generally alleges that each Defendant plays some part in placing the accused products in the stream of commerce in Texas and that they somehow direct or control the making, sale, and distribution of the accused products in the United States, but it fails to allege specific facts to support its allegations. Compl. at ¶¶ 12-27. These conclusory allegations do not establish purposeful direction or availment with regard to Texas. *Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce, without more, is not an act of the defendant

10

purposefully directed toward the forum State… a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."). *See Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *1 ("A rational belief that a component or product will eventually end up in a particular state—even if that belief amounts to a substantial certainty—does not, by itself, amount to purposeful conduct."); *Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) ("[A] defendant does not 'purposefully direct' his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that appliances containing the defendant's product may ultimately be sold in the forum state.").  Thus, Stingray has not alleged facts sufficient to show that TP-Link China or TP-Link Hong Kong purposefully directed its activities at residents of Texas.

Nor can Stingray offer any facts to support its allegations.  As noted above, neither of TP-Link China or TP-Link Hong Kong designs, manufactures, sells, or offers to sell any products in Texas.  Zhang Decl.; Sun Decl.  And neither Defendant ships products to Texas or conducts any marketing or advertising in, or directed toward, Texas.  Zhang Decl.; Sun Decl.  Moreover, neither Defendant has any employees or agents in Texas; and neither owns, leases, or operates any offices or other facilities in Texas.  Zhang Decl.; Sun Decl.

Further, non-party TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling TP-Link branded products in the United States, including the accused products.  Zhang Decl. at ¶ 4.   Thus, TP-Link China and TP-Link Hong Kong do not direct or control the marketing of the accused products in Texas.  And contrary to the allegations in the Complaint, TP-Link USA is not a subsidiary of either Defendant, but instead a

11

wholly owned subsidiary of TP-Link UK.  Zhang Decl. at ¶ 4.  And neither of TP-Link China or TP-Link Hong Kong directs or controls the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States.  *Id*.  TP-Link USA is not an agent of, and is not authorized to accept service of process directed to, TP-Link China or TP-Link Hong Kong.  In sum, neither Defendant directs or controls importing, marketing, advertising, offering to sell, or selling the accused products in Texas—or anywhere else in the United States.  *See* Zhang Decl.; Sun Decl.  Accordingly, there is no specific personal jurisdiction over TP-Link China or TP-Link Hong Kong.

For the same reasons discussed above, Stingray has not shown and cannot show that its claims arise out of or relate to Defendants' activities within the forum.  As demonstrated by the Zhang and Sun Declarations, neither Defendant has committed any acts within or directed toward the State of Texas.  Thus, Stingray's claims cannot arise out of any of Defendants' activities within the forum, and there is therefore no specific jurisdiction over Defendants.

### b.     TP-Link USA's Actions Cannot Be Imputed to Defendants

Stingray's effort to blur the lines between Defendants and TP-Link USA also fail.  Even in the context of a parent and subsidiary (which is not the situation here), the Fifth Circuit "demand[s] proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes."  *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).  For example, even "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."  *Id.*; *cf. Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) ("But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes.").

12

To the extent Stingray is pursuing some sort of alter ego theory here, Stingray has not met its high burden to establish that non-party TP-Link USA is the alter ego of either foreign Defendant.   Instead, Stingray's Complaint puts forward conclusory allegations that Defendants and TP-Link USA Corporation are essentially the same company and that one or more of the entities allegedly can control the activities of the others.  *E.g.*, Cmplt. at ¶ 14.  For sound reasons, "such conclusory statements, without more, do not counsel in favor of disregarding the corporate form."  *Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*, Case No. 2:15-cv-2049-JRG, Dkt. No. 53 at 9 (E.D. Tex. Sept. 1, 2016); *see Freescale Semiconductor, Inc*., 2014 WL 1603665, at *4 (dismissing where "the record does not conclusively demonstrate an *alter ego* relationship between MediaTek and MediaTek USA"); *cf. Soverain IP, LLC v. AT&T, Inc*., No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) ("[E]ven if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness.").

Moreover, Stingray's conclusory allegations that Defendants somehow "control" or "direct" TP-Link USA are directly contradicted by the Zhang and Sun Declarations, as discussed above.  The Court is therefore not required to—and indeed, should not—accept Stingray's controverted allegations at face value.  *Black* 564 F.2d at 683 n.3 ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, *except insofar as controverted by defendant's affidavit*, must be taken as true") (emphasis added).

**3.    It Would Offend Traditional Notions of Fair Play and Substantial Justice to Subject TP-Link China and TP-Link Hong Kong to Personal Jurisdiction in Texas**

Independently, the exercise of jurisdiction over TP-Link China and TP-Link Hong Kong under the circumstances would be unreasonable and run afoul of the limits set by the Constitution.  This is especially important because the exercise of jurisdiction would be over a non-U.S. corporation with no contacts in this forum. *See Asahi*, 480 U.S. at 115.

The evaluation of the "reasonableness" of exercising jurisdiction depends on several factors: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."  *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting *Burger King*, 471 U.S. at 476-77).

First, the burden of requiring TP-Link China and TP-Link Hong Kong to litigate in Texas would be severe and unreasonable.  Neither Defendant conducts business in Texas, and both maintain their respective headquarters and principal places of business thousands of miles away in Asia.   Yet, Defendants would be forced to litigate in a venue distant from their homes when there was absolutely no reason for them to have "foreseen" that they would be haled into court in Texas.  *See Burger King*, 471 U.S. at 474.  Further, the Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field" and that "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching a long-arm of personal jurisdiction over national borders."  *Asahi*, 480 U.S. at 114-

14

15.  These reasons weigh against exercising personal jurisdiction over foreign corporations like TP-Link China and TP-Link Hong Kong.

Second, the only interest Texas has in this action is that Stingray purportedly resides in Texas.  But on information and belief, Stingray was formed only shortly before the Complaint was filed, and it exists primarily or solely to litigate.  There is no evidence that Stingray conducts any business here.  Instead, by all appearance, it is simply attempting to force foreign corporations to a distant court to assert patent rights under which it apparently does not make any products.  In the related context of venue, the Federal Circuit has repeatedly held that when, as here, a plaintiff's incorporation, office, and documents in Texas "were recent, ephemeral, and a construct for litigation," they are entitled to no weight.  *In re Samsung Elecs. Co., Ltd*., 2 F.4th at 1378 (directing transfer).  So too here in the context of jurisdiction.  Texas has no legitimate interest in this case, and the formation of Stingray in Texas is merely "a fiction which appears to be have been created to manipulate the propriety of venue." *In re Hoffmann-La Roche Inc*., 587 F.3d 1333, 1337 (Fed. Cir. 2009) (directing transfer).  And as discussed above, Stingray's attempt to use TP-Link USA (located in the CDCA) as basis for jurisdiction, while intentionally *not* suing TP-Link USA to avoid the patent venue statute, is precisely the type of gamesmanship that weighs strongly against finding jurisdiction over Defendants.  *See In re Samsung Elecs*, 2 F.4th at 1377 ("[W]e are not bound by a plaintiff's efforts to manipulate venue."); *id*. at 1379 ("[D]isregarding this manipulation," plaintiff "could have filed suit in the Northern District of California").

Third, fourth, and fifth, there is no efficiency to be gained or interests to be served by exercising jurisdiction over TP-Link China and TP-Link Hong Kong, both of which are foreign corporations that conduct no business in Texas.  *See* Zhang Decl.; Sun Decl.   Stingray has no

viable claim against TP-Link China or TP-Link Hong Kong and therefore will be unable to obtain any judgment against them.  Finally, there are no fundamental substantive social policies to be served by requiring a foreign corporation with no contacts in the state to litigate thousands of miles from home.

For all of these reasons, exercising jurisdiction over Defendants would be unreasonable.

### 4.      Federal Rule of Civil Procedure 4(k)(2) Does Not Apply

Fed. R. Civ. P. 4(k)(2) does not apply here because Defendants would submit to jurisdiction in the CDCA.  Rule 4(k)(2) "allow[s] a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is *not subject to jurisdiction in any state's* courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process."  *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009). (emphasis added). If the defendant identifies a state in which it would submit to personal jurisdiction, then Rule 4(k)(2) does not apply.  *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009).

### 5.      The Court Should Either Dismiss the Case or Transfer it to the CDCA

Stingray is not without a proper forum, because, as discussed above, Defendants are amenable to suit in the CDCA.  28 U.S.C. § 1406(a) "allows the Court to transfer a case 'in the interest of justice' to a district where venue is proper even if the Court lacks personal jurisdiction." *Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc*., No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966, at *9 (E.D. Tex. July 17, 2019) (quoting *Cheetah Omni, LLC v. NP Photonics, Inc*., No. 6:13-CV-418, 2014 WL 11709437, at *3 (E.D. Tex. Mar. 28, 2014)). Accordingly, instead of dismissal, this Court can transfer the case to the CDCA, where TP-Link USA can be properly joined, and where the witnesses and evidence relating to importation and sales of the accused products are located.  Additionally, transferring the case, rather than

dismissing it, would also avoid Stingray's "having to re-file and relinquish" potential damages due to the Patent Act's six-year damages window.  *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *5 (E.D. Tex. June 4, 2018) (C.J. Bryson sitting by designation).

### B.     The Case Should Be Dismissed for Insufficient Service of Process

In addition to lacking personal jurisdiction, a second and independent basis for dismissal of this case is that Stingray has not properly served TP-Link China or TP-Link Hong Kong.

### 1.     The Texas Long-Arm Statute Mandates Use of the Hague Convention for Service of Foreign Defendants

Defendants acknowledge that this Court granted Stingray's *ex parte* motion for leave to effect "alternate service" instead of using the Hague Convention.  Case 2:21-cv-00045-JRG Dkt. 18.  However, as explained below, and as recently suggested by the Federal Circuit, the Hague Convention is mandatory in the situation presented in this case.[7]  Stingray's failure to serve process under the Hague Convention renders service fatally defective, warranting dismissal of this action.

In particular, the Texas long-arm statute, through Sections 17.043 and 17.045, requires "a copy of the process and notice of the service must be immediately *mailed to the nonresident or the nonresident's principal place of business.*"  Tex. Civ. Prac. & Rem. Code Ann. § 17.045 (emphasis added); *see also Bayoil Supply*, 54 F. Supp. 2d at 693.  Thus, for a "foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention."  *Id.; see also Brewer*, No. 4:15-CV-197, 2015 WL 4433046 at *2 (S.D. Tex. July 17, 2015); *Alternative*

---

[7] As mentioned previously, the Federal Circuit has indicated that the argument that Texas law requires service on foreign defendants has merit, and held that when such service is not effectuated that the defendant can raise insufficiency of service of process "on appeal from a final judgment."  *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *4 n.2.

*Delivery Sols.,* No. SA-05-CA-0172-XR, 2005 WL 1862631, at *2 (Rodriguez, J.) (W.D. Tex.

July 8, 2005) ("Because the Secretary must mail the notice to Mexico, this transmittal of service

documents abroad implicates the Hague Convention and its requirements").  "Texas courts

strictly construe the long-arm statute, and consistently conclude that failure to strictly comply

with the statute by forwarding a copy of the process to the nonresident defendant as required by

section 17.045 deprives the court of jurisdiction over the defendant."  *Sang Young Kim*, 909 F.

Supp. At 479.  Once triggered, compliance with the Hague Convention is mandatory.  *See*

*Schlunk*, 486 U.S. at 700.

Stingray's purported service fails to meet the mandatory requirements of the Hague

Convention.  Instead, the primary method of service on defendants in China and Hong Kong

authorized by the Hague Convention requires sending the documents—fully translated into

Chinese—to the respective Central Authorities.  *See Prem Sales, LLC v. Guangdong Chigo*

*Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *5 (N.D.

Tex. Oct. 14, 2020).   Stingray has not done this.  Because Stingray's purported service is not in

accordance with the Hague Convention, the Court should dismiss this case.  "Plaintiffs must

comply with the requirements of the Hague Convention in order to properly commence a lawsuit

against a foreign defendant, and the fact that Defendant has appeared despite the defective

service does not make the Hague Convention or Rule 4 superfluous."  *L.K. ex rel. Yarborough v.*

*Mazda Motor Corp.*, No. CIV A 3:09-CV-469-M, 2009 WL 1033334, at *2 (N.D. Tex. Apr. 15,

2009) (quotation marks omitted).

### 2.    The Principle of Comity Also Insists That Stingray's Purported Service Be Found Insufficient

Moreover, even assuming here that "'other methods of obtaining service of process are

technically allowed," the "principles of comity encourage the court to insist, as a matter of

18

discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *James Avery Craftsman*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *3 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). The Hague Convention reflects principles of comity between nations.  Treaties are meant to regulate conduct between nations.  *Medelin v. Texas*, 552 U.S. 491, 505 (2008).  And mutual enforcement of a treaty requires each signatory to continue the good-faith enforcement of its terms.  *Id.*

There is no indication that Stingray has obtained, or even sought, Chinese translations of the Complaints (and indeed, it still has not provided any translations to Defendants to date).  *See Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *9 (N.D. Tex. Oct. 14, 2020) (finding lack of Chinese translations as further proof that plaintiff's service "falls short of satisfying the dictates of the Hague Convention.").  Allowing service to stand despite Stingray's lack of respect for international comity would abrogate the United States' commitment to the Hague Convention and potentially trigger similar disregard for U.S. procedures among other Hague signatories.

### 3.    Stingray Did Not Serve TP-Link USA's Registered Agent

Finally, even assuming *arguendo* that service through the Hague Convention is not mandatory (which it is), and that alternate service by serving TP-Link USA's registered agent is proper (which it is not), Stingray has still failed to effect service.  The Court ordered Stingray to serve the summons and Complaint on TP-Link USA's registered agent, Mr. Deyi Shu.  Case 2:21-cv-00045-JRG Dkt. 18.  But Stingray instead attempted service on a "Jane Doe."  Case 2:21-cv-00045-JRG at Dkt. 19-2.  So Stingray has not even complied with the alternative service requirements endorsed by the Court, and the case should be dismissed as a result.

19

## V.    CONCLUSION

For the foregoing reasons, this Court should dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction over TP-Link China and TP-Link Hong Kong, or else transfer this action under 28 U.S.C. § 1406 to the CDCA, where TP-Link USA is located.  Alternatively, the Court should dismiss the case under Rule 12(b)(5) for insufficient service of process.

Dated:  February 4, 2022                    Respectfully submitted,

                                            /s/  *Steven D. Moore*
                                            Steven D. Moore
                                            (Eastern District of Texas Member)
                                            KILPATRICK, TOWNSEND & STOCKTON LLP
                                            Two Embarcadero Center, Suite 1900
                                            San Francisco, CA 94111
                                            Telephone: (415) 576-0200
                                            Facsimile: (415) 576-0300
                                            smoore@kilpatricktownsend.com

                                            Kristopher L. Reed
                                            (Eastern District of Texas Member)
                                            KILPATRICK, TOWNSEND & STOCKTON LLP
                                            2001 Ross Avenue, Suite 4400
                                            Dallas, TX 75201
                                            Telephone: (214) 922-7143
                                            Facsimile: (214) 922-7101
                                            kreed@kilpatricktownsend.com

                                            Edward J. Mayle
                                            (*pro hac vice* pending)
                                            KILPATRICK, TOWNSEND & STOCKTON LLP
                                            1400 Wewatta Street Suite 600
                                            Denver, CO 80202
                                            Telephone: (303) 571-4000
                                            Facsimile: (303) 571-4321
                                            tmayle@kilpatricktownsend.com

                                            Melissa R. Smith
                                            (Eastern District of Texas Member)
                                            GILLIAM & SMITH LLP
                                            303 South Washington Avenue
                                            Marshall, TX 75670
                                            Telephone: (903) 934-8450
                                            Facsimile: (903) 934-9257
                                            melissa@gillamsmithlaw.com

                                            *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 4, 2022, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

<u>*/s/ Melissa R. Smith*                                        </u>

75674003V.2

22