IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STINGRAY IP SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TP-LINK TECHNOLOGIES CO., LTD., | § | |
| TP-LINK CORPORATION LIMITED, | § | CIVIL ACTION NOS. |
| and | § | 2:21-cv-0045-JRG |
| TP-LINK INTERNATIONAL LTD., | § | 2:21-cv-0046-JRG |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**UNOPPOSED MOTION FOR EXPEDITED JURISDICTIONAL AND
VENUE DISCOVERY AND TO EXTEND TIME TO RESPOND TO
<u>DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER</u>**

Plaintiff Stingray IP Solutions, LLC ("Stingray" or "Plaintiff") moves for expedited jurisdictional and venue discovery to respond to the Motion to Dismiss For Lack of Personal Jurisdiction (-00045, -00046, Dkt. Nos. 23, the "Motion to Dismiss") and the Motion to Transfer, each filed by and Defendants TP-Link Technologies Co., Ltd., ("TP-Link Tech."), TP-Link Corporation Limited ("TP-Link Corp."), and TP-Link International Ltd. ("TP-Link Int'l") (collectively, "Defendants")[1]. Stingray asserts that limited jurisdictional and venue discovery is warranted, under the circumstances, for Stingray to fully respond to Defendants' Motion to Dismiss and Motion to Transfer. The parties have negotiated a discovery period to conduct such discovery. As a result, Stingray moves to extend the deadlines and to defer briefing of each motion until the close of such limited discovery period. This motion is unopposed by Defendants, and Defendants have agreed to the discovery and briefing schedule set forth herein.

## I. FACTUAL BACKGROUND

On February 8, 2021, Plaintiff Stingray filed the above-captioned actions in two original complaints alleging that Defendants infringe Stingray's patents. -00045, -00046, Dkt. Nos. 1. In response to Stingray's lawsuits, Defendants filed their Motion to Dismiss on February 4, 2022, alleging lack of personal jurisdiction based on the central theme that Defendants "do not have any operations in the United States." On February 25, 2022, Defendants filed their Motion to Transfer seeking to transfer the above-referenced actions to the Central District of California. To support Defendants' assertions, Defendants rely upon the factual assertions of two declarants: Yanmei Zhang, who is "Operation Director" of TP-Link Tech. and Jianmei Sun, who is a "Director" of TP-Link Corp. *See* Dkt. Nos. 23-1, 23-2; Dkt. Nos. 28-1, 28-2.

---

[1] TP-Link Tech. refers to itself as "TP-Link China" in the Motion; for consistency, Plaintiff will use "TP-Link Tech." *See* Dkt. No. 23-1 at ¶ 1. Defendants also assert that Defendants TP-Link International Ltd. and TP-Link Corporation Limited are the same entity. Mot. at 1. For purposes of this Response, Plaintiff will refer to TP-Link Int'l and TP-Link Corp. jointly as "TP-Link Corp."

These declarants deny that each Defendant "designs, manufactures, sells, or offers to sell any products *in Texas*." *Id.* Defendants argue that TP-Link USA (which is not a party to these lawsuits) is "solely responsible for importing, marketing, advertising, offering to sell, and selling 'TP-Link branded' products in the United States." Moreover, Defendants reveal that TP-Link Corp. is a subsidiary of Diamond Creek Global Limited, a corporation organized in the British Virgin Islands and that the parent of TP-Link USA is TP-Link UK, Ltd. To support their assertion that the CDCA is the "clearly more convenient" venue, Defendants also assert that TP-Link USA "is headquartered in the CDCA" and is the "central figure" in Stingray's "jurisdictional infringement theories." Motion to Transfer at 1-2. These characterizations by Defendants directly relate to Defendants' actions in the U.S. and Texas, to the relationship that Defendants have with their U.S.-based subsidiary TP-Link USA, and to whether such circumstances form the basis for this Court to exercise personal jurisdiction and transfer these actions based on convenience.

Because Stingray is unable to fully and fairly respond to Defendant's Motion to Dismiss or the Motion to Transfer without first conducting discovery into the issues presented therein, the parties have agreed to certain limits on focused, expedited discovery into the jurisdictional and venue issues raised in Defendant's Motions. Stingray submits that discovery is necessary to determine the facts regarding Defendants' corporate structure, the contacts that Defendants maintain with Texas and this District, and the factual allegations related to the alleged convenience of the CDCA. Given that Defendants are privately held companies, jurisdictional and venue discovery is especially appropriate.

The parties have discussed Stingray's requests for expedited discovery and have reached an agreement regarding the scope of such discovery. Accordingly, Stingray submits this unopposed motion.

## II. STINGRAY'S REQUEST FOR LIMITED JUSISDICTIONAL AND VENUE DISCOVERY IS WARRANTED UNDER THE CIRCUMSTANCES

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). "[B]ecause the Rules favor broad discovery, jurisdictional discovery should only be denied where it is impossible that the discovery 'could ... add[ ] any significant facts' that might bear on the jurisdictional determination." *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)). "Since evidence of jurisdictional facts is often largely or wholly in the possession of an adverse party, broad jurisdictional discovery also ensures that jurisdictional disputes will be 'fully and fairly' presented and decided." *Id*. "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013).

### A. Stingray Requires Jurisdictional and Venue Discovery to Fully and Fairly Respond to Defendants' Motions.

Here, expedited discovery is necessary to test the veracity and completeness of the factual allegations presented in Defendants' Motion to Dismiss and Motion to Transfer. Indeed, jurisdictional and venue discovery is the only avenue for Stingray to fully respond to Defendants' Motions. Defendants have supported both of their Motions with the same two declarations of their respective employees Zhang and Sun. The declarations set forth statements regarding Defendants' role in the manufacture, importation, sale, and use of TP-Link products in the U.S., including Texas. Critically, fact discovery has yet to begin in this case. As such, Stingray is unable to verify the assertions of the Motions, including those of Zhang and Sun, test the completeness, and gather evidence to respond to the Motions through any avenue except expedited discovery. The declarants

are employees of Defendants and cannot be reached without the Court's discovery process.

Expedited jurisdictional and venue discovery is also warranted because Stingray is limited to publicly available information to oppose the Motion to Dismiss. In contrast, Defendants have access to both publicly available and internal confidential (and non-confidential) information to support their Motion to Dismiss. Stingray should be permitted an opportunity to conduct "broad jurisdictional and venue discovery." *See, e.g.*, *Blitzsafe Tex. LLC*, 2019 WL 2210686, at *3 (recognizing the need for "broad jurisdictional discovery").

### B. Stingray Has Negotiated with Defendants for Agreed Discovery Limits.

As shown above, discovery is warranted. And the expedited discovery that Stingray seeks bears specifically on the Court's analysis of Defendants' Motion to Dismiss and Motion to Transfer. Specifically, the Parties have jointly arrived at the following limitations and timing for expedited jurisdictional and venue discovery:

1. **Depositions** – Stingray will be permitted to take one four-hour 30(b)(6) deposition of a single witness for both Defendants, TP-Link Technologies Co., Ltd. and TP-Link Corporation Limited. Additionally, Stingray will be permitted to take depositions by written questions of the following individuals: Declarant Yanmei Zhang, and Declarant Jianmei Sun. Stingray will also be able to take other depositions of non-Defendants (via an appropriate subpoena), including TP-Link USA. Defendants will not object to any subpoena from Stingray seeking to depose a representative for TP-Link USA (though any third party, including TP-Link USA, reserves all rights to raise whatever objections and defenses it wishes to any deposition subpoena).

2. **Interrogatories and Document Requests**: 8 common interrogatories and 8 common document requests to (a) TP-Link Technologies Co., Ltd. and (b) TP-Link Corporation Limited. Stingray will also include among its document requests to TP-Link USA the

same 8 common document requests issued to the Defendants. Defendants will not object to any subpoena from Stingray seeking document production from TP-Link USA (though any third party, including TP-Link USA, reserves all rights to raise whatever objections and defenses it wishes to any document subpoena).

The parties have agreed that Defendants will endeavor in good faith to respond to and produce documents in response to written discovery requests within <u>twenty-eight (28) days</u> of service. Further, given that Stingray will be required to secure evidence through subpoenas and given that the Defendants are located abroad in China and Hong Kong, Stingray requests that the Court allow at least seventy-five (75) days to complete the requested expedited discovery. *See, e.g.*, *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *4 (E.D. Tex. May 22, 2019) (allowing plaintiff to serve third-party subpoenas and ordering that venue discovery be completed within sixty days). Stingray understands and proposes that the 75-day limited discovery period will be calculated from the day the Court grants this motion. Stingray further requests that its jurisdiction-related and venue-related discovery not count toward any limitations which will be set forth in the Court's future Discovery Order governing this matter.

**C. Plaintiff Seeks Extensions to Respond to Defendants' Motion to Dismiss and Motion to Transfer and Seeks Deferral of Such Responses Pending Completion of Jurisdictional and Venue Discovery.**

Stingray's proposed jurisdictional and venue discovery is necessary to facilitate fair and full adjudication of the disputes raised in the Motion to Dismiss based on lack of personal jurisdiction and the Motion to Transfer. As such, Stingray submits that the need for limited, expedited discovery provides good cause to defer and extend the relevant briefing deadlines.

Stingray respectfully requests the opportunity to complete the expedited jurisdictional and venue discovery prior to responding to Defendants' Motion to Dismiss and Motion to Transfer. The response to the Motion to Dismiss on the jurisdictional issue is currently due on March 11

(pursuant to prior extensions granted by the Court), and the Plaintiff's response to the Motion to Transfer is similarly due March 11. *See* Dkt. Nos. 33 (this Court granting Plaintiff's Unopposed Third Motion for Extension of Time to Response to Defendant's Motion to Dismiss). Specifically, the parties request that the Court further extend the deadlines and defer the deadline to respond to Defendants' Motion to Dismiss based on personal jurisdiction issues and Motion to Transfer to a date fourteen (14) days after the completion of jurisdictional and venue discovery. Should the Court deny the present joint motion, the parties alternatively request that Stingray's deadlines to respond be extended and deferred to fourteen (14) days after any Court order denying this motion.

## III. CONCLUSION

For the foregoing reasons, Stingray requests that the Court grant its request for the expedited jurisdictional and venue discovery requested herein, and that the Court extend the briefing schedule on these motions in accordance with the above requests.

| | |
|---|---|
| Dated: March 11, 2022 | Respectfully submitted,<br><br>*/s/ Jeffrey R. Bragalone*_____<br>Jeffrey R. Bragalone (lead attorney)<br>Texas Bar No. 02855775<br>Terry A. Saad<br>Texas Bar No. 24066015<br>Marcus Benavides<br>Texas Bar No. 24035574<br>Hunter S. Palmer<br>Texas Bar No. 24080748<br>**BRAGALONE OLEJKO SAAD PC**<br>2200 Ross Avenue<br>Suite 4600W<br>Dallas, TX 75201<br>Tel: (214) 785-6670<br>Fax: (214) 785-6680<br>jbragalone@bosfirm.com<br>tsaad@bosfirm.com<br>mbenavides@bosfirm.com<br>hpalmer@bosfirm.com<br><br>Wesley Hill<br>Texas Bar No. 24032294<br>**WARD, SMITH, & HILL, PLLC**<br>P.O. Box 1231<br>Longview, TX 75606<br>Tel: (903) 757-6400<br>Fax: (903) 757-2323<br>wh@wsfirm.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**STINGRAY IP SOLUTIONS, LLC** |

# CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff Stingray, Jeff Bragalone, Marcus Benavides, and Wesley Hill (local counsel) met and conferred with counsel for Defendants, Kristopher Reed, via email and phone conferences on February 17 and 18 regarding various matters pertaining to Defendants' Motion to Dismiss, including initiating discussions regarding jurisdictional discovery. On February 24, 2022, Mr. Reed, Mr. Bragalone, Mr. Benavides, and Mr. Hill continued discussions, via a phone conference, related to jurisdictional discovery and the interplay of that discovery with potential discovery related to the anticipated motion to transfer venue. On February 28, March 3, and March 4, Mr. Bragalone, Mr. Benavides, and Mr. Hill, conferred via email exchanges with Mr. Reed, regarding their respective positions as to both Stingray's request for expedited jurisdictional discovery and venue discovery related to the Defendants' Motion to Transfer. On March 9, 10, and 11, Mr. Reed and Mr. Bragalone, Mr. Benavides, and Mr. Hill conferred subsequently numerous times via emails regarding Plaintiff's request for jurisdictional and venue discovery. In advance of that meet and confer, Plaintiff identified to Defendants the specific scope of discovery that it was seeking, and Defendants and Stingray negotiated the scope of limited jurisdictional and venue discovery that Stingray seeks in this Motion. Accordingly, Defendants do not oppose this Motion.

*/s/ Jeffrey R. Bragalone*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, on March 11, 2022, to be served via the Court's electronic filing system upon all counsel of record.

*/s/ Marcus Benavides*