IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STINGRAY IP SOLUTIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO.  2:21-CV-00045-JRG |
| v. | § | CIVIL ACTION NO.  2:21-CV-00046-JRG |
| | § | |
| TP-LINK TECHNOLOGIES CO., LTD., | § | |
| TP-LINK CORPORATION LIMITED, | § | |
| TP-LINK INTERNATIONAL LTD., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (the "Motion") filed by Defendants TP-Link Technologies Co., Ltd., TP-Link Corporation Limited, and TP-Link International Ltd. (collectively, "Defendants"). (Dkt. No. 23.)[1] In the Motion, Defendants contend that dismissal of this case is proper because Plaintiff Stingray IP Solutions, LLC ("Plaintiff") "failed to perfect service." (*Id*. at 3.)

**I.    PROCEDURAL HISTORY**

Plaintiff filed two Complaints against Defendants on February 8, 2021. (Dkt. No. 1 in Civil Action Nos. 2:21-cv-0045-JRG (the "-045 case") and 2:21-cv-0046-JRG (the "-046 case").)[2] Summonses were returned executed on March 12, 2021. (Dkt. Nos. 10–12.) The accompanying

---

[1] Pursuant to a joint motion by the parties, the briefing on the Motion was bifurcated such that remaining briefing on the Motion as to insufficient service of process was separate from remaining briefing on the Motion as to jurisdictional issues. (Dkt. Nos. 29, 32.)

[2] Since all relevant docket entries in the -045 and -046 cases are the same, reference to the docket herein will refer to the -045 case.

affidavits of service represent that service was effectuated on the Defendants' US-based subsidiary's (TP-Link USA Corp.) registered agent, Deyi Shu, on March 5, 2021. (*Id*.)

On April 8, 2021, Plaintiff filed a Motion for Service of Process. (Dkt. No. 13.) In said motion, Plaintiff represented that it believed it completed proper service of the Defendants through service upon Mr. Shu but requested that the Clerk of Court "send process documents using a form of mail that requires a signed receipt" in the "interest of erasing any doubt" that Defendants would be provided notice of the suit. (*Id*.)

The Court granted the Plaintiff's Motion for Service of Process on April 28, 2021, citing Rule 4(f)(2)(C)(ii), which specifies that "unless prohibited by the foreign country's law," an individual may be served "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" and Rule 4(h)(2), which further permits this method of service of process to corporations, partnerships, or associations. (Dkt. No. 14 at 1 (citing Fed. R. Civ. P. 4).)

On June 11, 2021, Plaintiff moved for leave to effect alternative service. (Dkt. No. 15.) In said motion, Plaintiff noted that Defendants maintain no registered agent for service of process in the US, but believed that Defendants "import, sell, and offer to sell their products (including the Accused Instrumentalities)" through their US-based subsidiary, TP-Link USA Corp., in California. (*Id*. at 1.) TP-Link USA's registered agent is Mr. Shu. (*Id*.) Plaintiff cited filings by TP-Link in previous cases before this Court, as well as publicly available websites and FCC filings, for the proposition that TP-Link USA is Defendants' US-based subsidiary, and that Defendants are related entities that use TP-Link USA as their "representative" in the US. (*Id*. at 2–3.) Plaintiff explained that it tried to serve the summonses and Complaints on TP-Link USA, but that no employees were present in the office due to the ongoing pandemic. (*Id*. at 4.) Thus, Plaintiff personally served Mr.

Shu, TP-Link USA's Secretary, Chief Financial Officer, and registered agent, on March 5, 2021 at his home in California. (*Id*.) Plaintiff also represents that the summonses and Complaints were sent to Defendants at their headquarters in Hong Kong via FedEx "but delivery was refused by recipients at [Defendants'] shared address and returned." (*Id*.) Plaintiff sought leave to serve Defendants through (1) service via Defendants' US subsidiary and (2) service via known outside counsel for Defendants at Fish & Richardson. (*Id*. at 4–5.)

In a Notice of Supplemental Authority filed on September 29, 2021, (Dkt. No. 17,) Plaintiff relied on *In re OnePlus Technology (Shenzhen) Co., Ltd*., 2021 WL 4130643 (Fed. Cir. Sep. 10, 2021) for support. In *OnePlus*, the Federal Circuit noted that "delay and expense are factors that legitimately bear on whether to issue an order for alternative service," as is a showing that the "plaintiff has reasonably attempted to effectuate service on the defendant by conventional means" combined with "a showing that the circumstances render the court's intervention necessary." *OnePlus*, 2021 WL 4130643, at *3.

This Court granted Plaintiff's motion for leave to effect alternative service on November 19, 2021. (Dkt. No. 18.) There, the Court found that since Plaintiff requested service on the Defendants "through the registered agent of TP-Link USA and through counsel of record for TP-Link Tech.—both of which are located within the United States—the requested forms of alternative service were not prohibited by international agreement because neither method falls within the scope of the Hague Convention." (*Id*. at 4.) In reaching that conclusion, this Court also considered the delay, expense, previous attempts to effectuate service, and refusal by Defendants to accept service. (*Id*. at 5.)

Plaintiff filed a Notice of Completion of Alternative Service on January 10, 2022. (Dkt. No. 19.) Plaintiff attached an email from Defendants' US-based counsel of record that confirmed

3

receipt of service and agreed that Plaintiff met the "first prong of the Court's Order to serve the papers on Fish [& Richardson]." (*Id*. at 2.) Plaintiff also represented that, after several unsuccessful attempts to serve Mr. Shu at his home and office, it served an employee at Mr. Shu's TP-Link USA office in California who was authorized to accept service on his behalf. (*Id*.)

Attorneys appeared for Defendants on February 4, 2022. (Dkt. Nos. 20–22.) On the same day, Defendants filed the instant Motion to Dismiss and later filed a Motion to Transfer.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f), which is directed to "serving an individual in a foreign country," provides that an individual "may be served at a place not within any judicial district of the United States" in one of three ways: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (a) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (b) as the foreign authority directs in response to a letter rogatory or letter of request; or (c) unless prohibited by the foreign country's law; or (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the court orders.

## III.   DISCUSSION

In the Motion, Defendants contend that service of process was insufficient because they did not waive service under the Hague Convention. (Dkt. No. 23 at 2.) Instead, Defendants argue that under the Texas long-arm statute, service must be mailed to the nonresident, which Defendants

4

argue triggers the Hague Convention. (*Id*. at 17.) In response, Plaintiff argues that the Federal Circuit rejected this argument in *OnePlus* as improperly conflating service under Rule 4(f)(3) with service under Rule 4(e)(1), which does not require a court order and provides for service following state law. (Dkt. No. 30 at 3.)

Defendants further argue that under principles of comity, even where other methods of service may be technically allowed, a plaintiff should attempt to follow foreign law in efforts to serve defendants. (Dkt. No. 23 at 18–19.) Plaintiff argues that this ignores the Court's clear authority to exercise discretion regarding alternative service. (Dkt. No. 30 at 5.)

Finally, Defendants argue that although the Court required that Plaintiff serve Mr. Shu, Plaintiff actually served a "Jane Doe" in his office, which Defendants contend was improper. (Dkt. No. 23 at 19.) In response, Plaintiff notes that Defendants do not contest that this service of the "Jane Doe" was "reasonably calculated" to give Defendants notice of the suit, nor do they argue that "Jane Doe" was not "authorized to accept service" on Mr. Shu's behalf. (Dkt. No. 30 at 5–6.) Indeed, Plaintiff argues that it served Mr. Shu personally on March 5, 2021 and the service on the responsible person in his office was actually the *second* time he was being served. (*Id*. at 1–2.) Defendants do not contest this fact. (*Id*. at 6.)

**IV.     ANALYSIS**

This Court previously acknowledged that Plaintiff attempted service on Defendants multiple times through several different means, and even personally served their US-based agent, Mr. Shu, in March of 2021. (Dkt. No. 18 at 1–2.) The Court also noted that in some instances in which service was attempted, Defendants' offices were empty due to the pandemic, or service was refused, as was the case in Hong Kong. (*Id*. at 2.) Based on such difficulties in effectuating service, this Court granted Plaintiff's motion for alternative service. (*Id*. at 4–9.) In allowing alternate

service, the Court took into account various factors, including: Plaintiff's previous attempts to effectuate service; refusal by Defendants to accept service in Hong Kong; whether Plaintiff's previous attempts to serve, along with the contemplated alternative service, were reasonably calculated to apprise Defendants of the action; and the delay and expense associated with the repeated attempts at service, as well as with service under the Hague Convention. (*Id*. at 4–6.) The Court also gave credit to Plaintiff's argument and evidence that the Defendants are interconnected entities that share a common subsidiary in TP-Link USA and that Defendants have likely had actual notice of the suit since Mr. Shu was served on March 5, 2021. (*Id*. at 7.)

The Court now finds that Plaintiff's service of process on "a person employed [at TP-Link USA] and authorized to accept service" on behalf of Mr. Shu was proper. (*See, e.g*., Dkt. No. 30 at 6.) This Court's Order granting Plaintiff's motion for leave to effect alternative service instructed Plaintiff to serve process on Defendants' counsel of record, which the parties do not dispute was effectuated, as well as "upon TP-Link USA's registered agent, Deyi Shu." (Dkt. No. 18 at 8–9.) The Court's Order did not require that service be effectuated personally upon Mr. Shu, thus contemplating that the summonses and Complaints could be served upon an individual authorized to accept service for Mr. Shu, such as an employee at his office. Thus, timely service upon the "Jane Doe," who Defendants do not dispute was "authorized to accept service" on Mr. Shu's behalf, was proper under this Court's Order. Moreover, Mr. Shu received actual notice of the lawsuits when he was personally served on March 5, 2021, albeit prior to this Court's Order permitting alternative service.

## V.     CONCLUSION

Given the totality of the circumstances, the Court finds that Defendants have been properly served with process according to this Court's instructions. Accordingly, Defendants' Motion to

Dismiss for Insufficient Service of Process (Dkt. No. 23) is **DENIED**. The Court will take up the bifurcated jurisdictional issues raised in the Motion (Dkt. No. 23) when briefing is complete.

**So ORDERED and SIGNED this 4th day of May, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE