IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STINGRAY IP SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LIMITED, and<br>TP LINK INTERNATIONAL LTD.,<br><br>    Defendants. | Civil Action No. 2:21-cv-45-JRG<br><br>Civil Action No. 2:21-cv-46-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR OPPOSED MOTION UNDER
28 U.S.C. 1404(a) TO TRANSFER THE ACTION TO THE
<u>CENTRAL DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

    **Page**

I.    IF THIS COURT HAS JURISDICTION, SO DOES THE CDCA ................................... 1

    A.    Defendants Filed Their Motion to Transfer as an Alternative to Their Motion to Dismiss for Lack of Personal Jurisdiction .................................. 1

II.   THE WILLING WITNESS COST OF ATTENDANCE, RELATIVE EASE OF ACCESS TO SOURCES OF PROOF, AND AVAILABILITY OF COMPULSORY PROCESS FACTORS ALL STRONGLY FAVOR TRANSFER ............................................................................... 3

    A.    Stingray's /Acacia's Own Trial Witnesses Are In the CDCA .............................. 3

    B.    Defendants' Witnesses Are All in China and Hong Kong .................................. 4

    C.    All of TP-Link USA's Witnesses Reside in the CDCA ....................................... 4

III.  NO FACTOR FAVORS KEEPING THE CASE IN THE EDTX .................................. 5

IV.  CONCLUSION ............................................................................................................... 5

CERTIFICATE OF SERVICE ...................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522,
    540 (5th Cir. 2019) ................................................................................................................. 1

*Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) ................................................................. 5

*Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) ...................................................... 4

*Juniper*, 14 F.4th at 1320 .............................................................................................................. 6

*Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 2021-180, 2021 WL
    5292271, at *2 (Fed. Cir. Nov. 15, 2021) ............................................................................... 1

*Meraki*, 2021 WL 5292271 at *2 .................................................................................................. 2

*Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) .................................................... 5

*Samsung*, 2 F.4th at 1380 .............................................................................................................. 6

*Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) .......................................................... 3

*Meraki*, 2021 WL 5292271 at *2 .................................................................................................. 2

*Seagen Inc. v. Daiichi Sankyo Co.*, ............................................................................................... 2

I.      IF THIS COURT HAS JURISDICTION, SO DOES THE CDCA

   A.   **Defendants Filed Their Motion to Transfer as an Alternative to Their Motion to Dismiss for Lack of Personal Jurisdiction**

Stingray argues that Defendants have not shown that the CDCA has personal jurisdiction such that the case "might have been brought" there. Dkt 62 ("Opp") at 4-5. But Defendants expressly brought this motion in the alternative to their motion to dismiss. Dkt. 28 at 12 ("If this Court does not grant the pending motion to dismiss … it should transfer"); *see also Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019) (holding that a "non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction.").

As stated in the moving brief, "[i]f the CDCA lacks personal jurisdiction, then so too does this Court." Dkt. 28 at 7 n.5. Naturally, if the EDTX has jurisdiction, then the CDCA has it for the same reasons. "[T]his is not a situation where jurisdiction might be proper in Texas, but not in California." *In re Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 2021-180, 2021 WL 5292271, at *2 (Fed. Cir. Nov. 15, 2021) (concurring opinion). Under Stingray's theories and evidence, jurisdiction "would apply equally to both districts (or be lacking in both districts)." *Id*. Indeed, the same evidence and arguments raised in Stingray's opposition to Defendants' personal jurisdiction motion present a stronger case for personal jurisdiction in California than Texas. *E.g.*, Dkt. 61 at §§ II.B, II.D (TP-Link USA of the CDCA sells the products in the U.S.)

Specifically, all "facts presented in this case" show that if the EDTX has jurisdiction under any theory, then the CDCA has jurisdiction by even greater force. *Meraki*, 2021 WL 5292271 at *2. The only alleged connection that the EDTX has to this case is that some unknown number of the accused products inevitably enter this District via the stream of

commerce. That same theory would apply equally to California.[1] Further, venue discovery taken in this case has proven that the company solely responsible for importing and selling the accused products in the United States—TP-Link USA Corporation ("TP-Link USA")—is incorporated, has its headquarters, and conducts all important operations in the CDCA.[2] And the only reason TP-Link USA was omitted as a Defendant was to manipulate venue. Dkt. 28 at 1-2.

In sum, the "question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp*., 443 U.S. 173, 180 (1979). And that is what Defendants ask the Court to do here. If the Court concludes that there is no personal jurisdiction, the transfer motion is moot; if the Court finds jurisdiction, then it follows that the CDCA likewise has jurisdiction, and the threshold transfer inquiry is satisfied.[3]

---

[1] In contrast to *Seagen Inc. v. Daiichi Sankyo Co*., where the defendant failed to provide "any specific facts or analysis of personal jurisdiction in the Motion to Transfer" and "bypassed the statutory inquiry without mention, resorting only to an analysis of the *forum non conveniens* factors" (546 F. Supp. 3d 515, 529 (E.D. Tex. 2021)), there is more than sufficient evidence in the record here to support Defendants' alternative argument that, if personal jurisdiction exists in Texas, there is personal jurisdiction in California. *E.g*., n.2, *infra*; *see In re Meraki*, 2021 WL 5292271 at *2 ("Because that basis for personal jurisdiction would also apply equally to California, the district court appeared to have plausibly concluded that this case could have been brought in the transferee venue.").

[2] *See* Ex. 1 (**Defendants' Rule 30(b)(6) Tr.**) at 56:5-12 (""), at 86:25-87:7 (""), *id*. at 138:6-17 (similar), *id*. at 91:25-92:2 (similar); Ex. 2 (**TP-Link USA Rule 30(b)(6) Tr.**) at 45:1-8 ("."), *id*. at 58:1-23 ( ), *id*. at 47:16-19 ( ); Ex. 3 at Responses to Interrogatory Nos. 1-3, 5, 7.

[3] Further, Defendants will not contest jurisdiction in the CDCA if transferred. Dkt. 28 at 7.

## II. THE WILLING WITNESS COST OF ATTENDANCE, RELATIVE EASE OF ACCESS TO SOURCES OF PROOF, AND AVAILABILITY OF COMPULSORY PROCESS FACTORS ALL STRONGLY FAVOR TRANSFER

### A. Stingray's /Acacia's Own Trial Witnesses Are In the CDCA

The location of Stingray's own witnesses compels transfer here. Marc Booth is Stingray's CEO and Acacia's Chief IP Officer. Dkt. 28 at 4. He runs Stingray from Irvine, CA—located in the CDCA—and Stingray concedes that he is responsible "for all aspects of the business, including portfolio analysis, acquisition and licensing." *Id.*; Opp. at 8. Erik Ahroon is Acacia's VP of Business Development, also based in Irvine, CA, and Stingray likewise identifies him as a relevant witness. Opp. Ex. G; Opp. at 8. Jennifer Graff also resides in Irvine, CA, and has relevant information (Dkt. 28 at 4); Stingray does not disagree; it just asserts without support that Ms. Graff lacks "unique knowledge." Opp. at 9. And the only witness identified by Stingray that is not located in the CDCA is still not in the EDTX, namely, Craig Yudell who resides over 250 miles from Marshall in Austin, TX, where he "works remotely" from home. Opp. at 8; Opp. Ex. E ¶ 4.

In an attempt to deflect the obvious, Stingray suggests that its witnesses are "willing" to travel to this District. Opp. at 8. But what matters is convenience, not biased preference. Mr. Booth and Mr. Ahroon admit that they would "personally" incur "additional cost" and "inconvenience" by travelling from Irvine, CA to Marshall. Opp. Ex. F ¶ 5; Opp. Ex. G ¶ 5. Similarly, Mr. Yudell would be inconvenienced by having to travel to Marshall, which "would require automobile travel and overnight lodging each night of the trial." Opp. Ex. E at ¶ 6. Because the "convenience-to-the-witnesses factor" is not "attenuated when the witnesses are employees of the party calling them," the fact that the majority of Stingray's witnesses reside in the CDCA, and all of its witnesses live outside of this District, strongly favors transfer. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021).

### B. Defendants' Witnesses Are All in China and Hong Kong

Defendants' witnesses all reside in either China or Hong Kong. *See* n.2, *supra*; *also* Zhang Decl.; Sun Decl.; Ex. 4 (Zhang Written Dep.) at Responses Nos. 12-14, 22, 24; Ex. 5 (Sun Written Dep.) at Responses Nos. 12-16, 19, 20, 22, 25, 28, 29. Stingray complains that Defendants have not said "who" would be their witnesses, "what" their testimony would be, or from where "specifically" that they would travel. Opp. at 6. This misses the mark when *all* of Defendants' witnesses are in China or Hong Kong—as Stingray knows after taking discovery. Exs. 1-5. Travelling from Shenzhen or Hong Kong to Los Angeles is far more convenient than flying to Dallas (with no direct flights from Hong Kong) and then travelling 2.5 hours by car to Marshall. Ex. 4 at Responses 14-16, 18, 19, 22; Ex. 5 at Responses 11, 14-23; n.2, *supra*.

### C. All of TP-Link USA's Witnesses Reside in the CDCA

The single most important company to this lawsuit—TP-Link USA—is located in the CDCA. In an effort to minimize the importance of TP-Link USA, Stingray cites to bare allegations *from its own Complaint* ostensibly for the proposition that Defendants are "direct infringers" because they purportedly "manufacture" and sell the accused products in the United States. Opp. at 10 ("… the Complaints allege"). But every witness deposed during venue discovery refuted these allegations and testified unequivocally that TP-Link USA—not any Defendant—is solely responsible for importing, offering for sale, and selling the TP-Link branded products in this country. *See* n.2, *supra*. Thus, the TP-Link USA employee witnesses are highly relevant to critical infringement and damages issues in this litigation, and all of them reside in the CDCA. This includes TP-Link USA's Chief Operating Officer Jeff Barney, its product director Derrick Wang, its marketing director Andre Wang, its Chief Financial Officer Winfred Shu, and all of TP-USA's financial and technical personnel. *See* Ex. 2 (TP-Link USA Dep. Tr.) at 21, 40. Defendants cannot force these witnesses to testify at trial in the EDTX, but

can compel them to do so in the CDCA. And regardless of whether any are "willing" to travel to Marshall (and there is nothing in the record that suggests that they are), it would be far more convenient for them to stay in the CDCA where they reside.

In short, "[t]he convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc*., 566 F.3d 1338, 1343 (Fed. Cir. 2009). Stingray itself has identified multiple witnesses in the CDCA and none in the EDTX. *See supra*. With a bounty of relevant witnesses in the CDCA and "nothing on the other side of the ledger, the factor strongly favors transfer." *In re Samsung Elecs. Co., Ltd*., 2 F.4th 1371, 1379 (Fed. Cir. 2021).[4]

### III. NO FACTOR FAVORS KEEPING THE CASE IN THE EDTX

To be sure, this Court has conducted hearings in other cases involving the patents. Opp. at 12-13. But those cases involved "significantly different discovery, evidence, proceedings, and trial" and any "incremental gains" in keeping the cases "are not sufficient to justify overriding the inconvenience to the parties and witnesses." *In re Samsung*, 2 F.4th at 1380. In addition, the miniscule time-to-trial difference is effectively neutral and does not "clearly favor" (Opp. at 15) keeping the case here. *See* Dkt. 28 at 11. And while Stingray alleges that it has "significant connections" to the EDTX (Opp. at 15), it has not identified a single witness that resides in this District. The manifest reality is that Stingray's Irvine, CA-based parent, Acacia, formed Stingray and set up a Potemkin office in Frisco, TX solely for the purpose of "bringing lawsuits in [this] court." *In re Juniper*, 14 F.4th at 1320 (ordering transfer).

### IV. CONCLUSION

For the reasons set forth above and in Defendants' moving papers, the Court should transfer this case to the Central District of California.

---

[4] Again, for completeness, none of the inventors reside in the EDTX. Opp. at 9.

Dated:  September 4, 2022                    Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
(Eastern District of Texas Member)
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven D. Moore
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kristopher L. Reed
(Eastern District of Texas Member)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Edward J. Mayle
(*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
tmayle@kilpatricktownsend.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 4, 2022 and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*
Melissa R. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STINGRAY IP SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK CORPORATION LIMITED, and<br>TP LINK INTERNATIONAL LTD.,<br><br>    Defendants. | Civil Action No. 2:21-cv-45-JRG<br><br>Civil Action No. 2:21-cv-46-JRG<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF EDWARD J. MAYLE IN SUPPORT OF DEFENDANTS' REPLY BRIEF REGARDING OPPOSED MOTION UNDER 28 U.S.C. 1404(a) TO TRANSFER THE ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA**

1. I am an attorney as the law firm of Kilpatrick Townsend & Stockton, LLP and am licensed to practice law in the State of Colorado and admitted in this action *pro hac vice*. I represent Defendants in this proceeding. My business address is Kilpatrick Townsend & Stockton LLP, 1400 Wewatta Street, Suite 600, Denver, Colorado 80202. This declaration is based upon my personal knowledge and, if called as a witness, I could and would testify to these facts.

2. Attached hereto as **Exhibit 1** is a true and correct copy of annotated excerpts of the August 13, 2022 of the Rule 30(b)(6) deposition transcript of Defendants through corporate designee Yanmei (Rita) Zhang.

3. Attached hereto as **Exhibit 2** is a true and correct copy of annotated excerpts of the Rule 30(b)(6) deposition transcript of TP-Link USA Corporation through corporate designee Jeff Barney.

1

4. Attached hereto as **Exhibit 3** is a true and correct copy of an annotated version of Defendants' Responses to Plaintiff's Common Interrogatories Related to Venue and Personal Jurisdiction (Nos. 1-8) to Defendants.

5. Attached hereto as **Exhibit 4** is a true and correct copy of an annotated version of Defendants' Objections and Responses to Plaintiff's Notice of Deposition by Written Questions to Yanmei Zhang.

6. Attached hereto as **Exhibit 5** is a true and correct copy of an annotated version of Defendants' Objections and Responses to Plaintiff's Notice of Deposition by Written Questions to Jianmei Sun.

7. I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge. Executed on September 4, 2022, in Denver, Colorado.

/*Edward J. Mayle*/

Edward J. Mayle

# EXHIBIT 1
## (Redacted In Its Entirety)

# EXHIBIT 2
## (Redacted In Its Entirety)

# EXHIBIT 3
## (Redacted In Its Entirety)

# EXHIBIT 4
## (Redacted In Its Entirety)

# EXHIBIT 5
# (Redacted In Its Entirety)